# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
November 4, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ANITA K. SPROUSE,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0414** (BOR Appeal No. 2048797)
                          (Claim No. 960034808)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**CALHOUN COUNTY EMERGENCY MED SQUAD,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Anita K. Sprouse, by Robert L. Stultz, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Office of the Insurance Commissioner, by Noah A. Barnes, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 31, 2014, in which the Board affirmed a September 19, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 27, 2012, decision to deny a permanent total disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Sprouse, a paramedic for Calhoun County Emergency Med Squad, was involved in an ambulance accident while on duty on February 10, 1996. In the accident, Ms. Sprouse injured her head, neck, back, shoulder, spleen, and ankle. Her injuries also included a psychiatric component. On June 22, 1999, Ms. Sprouse was evaluated by Albert F. Heck, M.D. Dr. Heck opined that she was at her maximum degree of medical improvement. Dr. Heck felt the change in Ms. Sprouse's mental status represented 3% whole person impairment based on the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993). He also opined that Ms. Sprouse's problem with opticomotor nerve function represented 24% whole person impairment. On September 13, 1999, the claims administrator granted Ms. Sprouse a 24% permanent partial disability award.

On December 6, 1999, Ms. Sprouse was seen by Paul Bachwitt, M.D., for evaluation. Dr. Bachwitt opined she was at her maximum degree of medical improvement and suffered 15% whole person impairment. On March 1, 2000, the claims administrator granted Ms. Sprouse a 15% permanent partial disability award. Of the 15% permanent partial disability granted: 7% was for the neck, 5% was for the back, and 3% was for the shoulder. On June 7, 2004, Ms. Sprouse underwent a psychiatric independent medical evaluation performed by Patricia W. Williams, M.D. Dr. Williams opined that her psychiatric conditions were related to her accident on February 10, 1996. Dr. Williams recommended 6% whole person impairment related to her psychiatric conditions.

Thereafter on July 14, 2005, Ms. Sprouse was evaluated by Ghassan Y. Dagher, M.D. Dr. Dagher opined that she essentially had no vision in one eye due to her ocular immobility, which equated to 24% whole person impairment. On September 6, 2005, the claims administrator granted Ms. Sprouse a 6% permanent partial disability award based upon her psychiatric impairment. On September 8, 2005, the claims administrator found that Ms. Sprouse was not entitled to any more than a 24% permanent partial disability award based upon the report of Dr. Dagher. On September 13, 2005, Ms. Sprouse applied for permanent total disability alleging that her previous awards amounted to 69% disability. On December 3, 2010, Ms. Sprouse reported to Kevin Cox, M.D., for an independent medical evaluation. He opined just as the other doctors have that she has no vision in one of her eyes due to ocular immobility, which equated to 24% whole person impairment. On December 6, 2010, Ms. Sprouse underwent psychological and psychiatric evaluations. Rosemary Smith, PsyD, opined that she suffered from 10% whole person impairment related to all her psychological and psychiatric conditions.

On December 21, 2010, Ms. Sprouse was seen by Charles Werntz III, M.D., for a comprehensive independent medical evaluation. He opined that she was at her maximum degree of medical improvement for all of her medical conditions. Using the American Medical Association's *Guides*, he found Ms. Sprouse suffered from 1% whole person impairment for facial asymmetry, 0% for the cervical spine, 0% for the shoulder, 0% for the spleen, and 1% for the right ankle. Using the Combined Values Chart of the American Medical Association's *Guides*, he found 2% whole person impairment. Dr. Werntz noted Ms. Sprouse has significant ophthalmic condition that would require a separate impairment rating. He also noted that his report did not cover psychiatric impairment. On February 3, 2011, Ms. Sprouse underwent a functional capacity evaluation from Kevin C. Boring, P.T. Ms. Sprouse performed at the light

2

physical demand levels based on occasional material handling levels. It was found that Ms. Sprouse may be an excellent candidate for improving her current physical demand level through a supervised work conditioning program.

On October 13, 2011, the Permanent Total Disability Review Board made its initial recommendation. According to the Permanent Total Disability Review Board, Ms. Sprouse suffered 24% impairment for visual issues, 1% impairment for facial asymmetry, 2% impairment for the cervical spine, 1% impairment for the ankle, and 10% impairment for the psychiatric component of the injury. The Permanent Total Disability Review Board found Ms. Sprouse suffered from a total of 35% whole person impairment. The Permanent Total Disability Review Board found that Ms. Sprouse did not suffer from a medical impairment of at least 50% on a whole person basis and has not sustained a 35% or greater statutory disability. It recommended that she be denied any permanent total disability award. On March 15, 2012, the Permanent Total Disability Review Board issued its Final Recommendation. This report mirrored its initial recommendations. As a result the claims administrator denied Ms. Sprouse's application for permanent total disability on March 27, 2010. Ms. Sprouse protested.

The Office of Judges determined that Ms. Sprouse failed to meet the 50% whole person impairment threshold required for further consideration for a permanent total disability award. The Office of Judges noted that the Permanent Total Disability Review Board determined that she suffered from 24% whole person impairment related to the vision loss, 1% whole person impairment for facial asymmetry, 2% whole person impairment for the cervical spine, 1% whole person impairment for the ankle, and 10% whole person impairment for the psychiatric impairment. When combined utilizing the Combined Values Chart of the American Medical Association's *Guides*, these ratings equates to 35% whole person impairment. The Office of Judges then noted that West Virginia Code § 23-4-6(n)(1) (2005), requires that in order to be eligible for a permanent total disability award Ms. Sprouse must have suffered whole person impairment of 50%. The Permanent Total Disability Review Board relied on the findings from the reevaluations of Ms. Spouse by Drs. Werntz, Dagher, and Cox and determined her whole person impairment to be 35%. Because Ms. Sprouse could not show that she suffered at least 50% whole person impairment from her injuries, the Office of Judges determined that the Permanent Total Disability Review Board's recommendation was not clearly wrong. The Board of Review adopted the findings of the Office of Judges and affirmed its conclusions.

We agree with the findings of the Office of Judges and conclusions of the Board of Review. The Permanent Total Disability Review Board determined that Ms. Sprouse only suffered from 35% whole person impairment related to all her compensable conditions. Because she did not introduce sufficient evidence to show that she did suffer at least 50% whole person impairment, the Office of Judges and Board of Review were correct in affirming the recommendations of the Permanent Total Disability Review Board.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   November 4, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II